SAMUEL T. BEAN *vs.* OCTAVIUS D. DOLLIFF.

York.   Decided March 3, 1877.

*Exceptions.  Promissory notes.*

Exceptions will be sustained only when it appears that the excepting party is aggrieved.

The plaintiff having property of a third person in his hands subject to a lien in his favor, at the request of said third person, passed it over to the defendant, taking his note therefor, payable to himself, to secure the same lien. *Held,* that the note takes the place of the property for which it was given, and that when the lien is discharged it becomes absolutely the property of such third person, and that the plaintiff cannot maintain an action on it for his own benefit.

ON EXCEPTIONS to the ruling and order of the presiding justice in a trial without the intervention of the jury, with the right of exceptions.

ASSUMPSIT on a note of the following tenor : "$200. Biddeford, Maine, September 11, 1874. Due Samuel Bean two hundred dollars, for value received : (Signed) O. D. Dolliff." The signature and delivery of the note were admitted.

The defendant offered in evidence the disclosure of the plaintiff in a trustee process, whereupon the plaintiff objected to any evidence tending to show any agreement different from what the due-bill purports to be. The justice decided he would hear such evidence as was offered and then consider its legitimacy. The substance of the plaintiff's disclosure in the case of *Sanford et als* v. *Andrews, and Bean, trustee,* was : That Wm. G. Andrews was owing one Hill; that Hill had sued Andrews upon the claim and trusteed Bean, (the plaintiff in this case). Bean held in his hands the sum of two hundred dollars belonging to Andrews. Andrews, fearing the money would be attached by other creditors in Bean's hands, desired to have it transferred into the hands of Dolliff. This, the plaintiff Bean was unwilling to do, unless Andrews should furnish him some security against the Hill claim upon which he had been trusteed.

In his disclosure he said : "Finally I agreed to pay over the $200, provided he would bring forward some responsible party that would agree to see this matter settled with Capt. Hill. I agreed to it and turned the money over to Dolliff, who gave me his due-bill for the money. This due-bill was my receipt for the money, and was to be returned to him or destroyed when the matter was fixed."

The defendant, Dolliff, testified : "He (Bean) asked me to give him a writing to secure him against the Hill suit. I answered that I would give him a 'due-bill' as it was quicker done and more convenient. I did so. My note was given to secure him against the Hill claim."

It was agreed that the Hill matter was settled on the same day the note was given and the money paid. The evidence tended to show that the settlement was about eleven o'clock, A. M. ; that

at about 3 o'clock P. M. the writ, *Sanford* v. *Andrews and trustee,* was served upon the plaintiff, who afterwards disclosed how he held the due-bill in question. He was, however, adjudged trustee and therefore brought this suit. Other facts appear in the opinion.

The presiding justice, "upon the foregoing testimony," ordered judgment for the defendant; and to the foregoing rulings and order the plaintiff alleged exceptions.

*H. H. Burbank & J. S. Derby,* for the plaintiff.

I. This instrument is a good promissory note. *Carver* v. *Hayes,* 47 Maine, 257. *Franklin* v. *March,* 6 N. H. 364. *Lequeer* v. *Prosser,* 1 Hill, (N. Y.) 256. *Cummings* v. *Freeman,* 2 Humph. 143.

II. When an agreement is reduced to writing, the writing must be taken as exclusive evidence of the understanding of the parties. Chit. on Con. 102. *Galpin* v. *Atwater,* 29 Conn. 93. *Hoyt* v. *French,* 24 N. H. 198, 203. *Erwin* v. *Saunders,* 1 Cow. 249.

III. In an action upon a note which is absolute on its face no evidence can be introduced of a parol agreement that it should only be paid in a certain contingency. *Hunt* v. *Adams,* 7 Mass. 518. *Adams* v. *Wilson,* 12 Met. 138. *Underwood* v. *Simonds,* 12 Met. 275. *Tower* v. *Richardson,* 6 Allen, 351. *Currier* v. *Hale,* 8 Allen, 47. *Cunningham* v. *Wardwell,* 12 Maine, 466. *Boody* v. *McKenney,* 23 Maine, 517. *Badcock* v. *Steadman,* 1 Root, 87. *Rose* v. *Learned,* 14 Mass. 154. *George* v. *Harris,* 4 N. H. 533. *Swank* v. *Nichols,* 24 Ind. 199. *Schurmeier* v. *Johnson,* 10 Minn. 319. *Fry* v. *Blackstone,* 31 Ill. 538. *Myers* v. *Sunderland,* 4 Greene, (Iowa) 567.

Parol evidence is not admissible to show an agreement that the note should be given in an event which has happened. *Tower* v. *Richardson,* 6 Allen, 351. *Henshaw* v. *Dutton,* 59 Mo. 139. *Shaw* v. *Shaw,* 50 Maine, 94.

*R. P. Tapley,* for the defendant.

The evidence of both parties shows the due bill was delivered as collateral security against the Hill claim, and that the Hill claim

was settled months before this action was commenced; that the plaintiff was notified of the settlement on the day it was made. These facts are legitimate evidence and do not vary, control or change the terms of the written instrument declared upon. They show an extinguishment of a right of action upon a note thus delivered.

They establish an independent contemporaneous agreement to secure which the note was given and the full execution of the agreement.

DANFORTH, J.   This case was referred to the presiding justice with the right to except.   It is a familiar principle of law founded upon the provisions of R. S. c. 77, § 21, that the party excepting must show that he is aggrieved by the ruling excepted to, or his exceptions will not be sustained.   In this case there is an objection to the admission of the plaintiff's disclosure and "any evidence tending to show any agreement different from what that due-bill purports to be."   This objection is too indefinite as it covers both that which may and that which may not be admissible. Testimony tending to show that the "due-bill" does not show the real contract entered into by the parties at the time, would perhaps be inadmissible.   But it would be entirely competent for the parties to enter into a subsequent and independent contract to be proved by oral testimony different from that shown by the note and by which its terms might be modified, or its obligation discharged.   If, then, this objection were overruled it does not appear that the objecting party has been aggrieved.

In the argument on behalf of the plaintiff it is claimed that, "when an agreement is reduced to writing, the writing must be taken as conclusive evidence of the understanding of the parties," that "no evidence of a parol agreement that a note absolute should be paid only upon a certain contingency," or "should be given up in an event which has happened," is admissible.

These several propositions are undoubtedly good law and well sustained by the authorities.   But no specific testimony has been alluded to as received in violation of these principles, certainly none as having any bearing upon the judgment of the court.

The ruling of the court was that such testimony as might be

offered would be heard and its legitimacy subsequently considered. It follows that, as under the objection so under the ruling, so far as relates to the reception of testimony, or the testimony received, the plaintiff has failed to show any ground of complaint.

The final ruling excepted to is the order that judgment be rendered for the defendant "upon the foregoing testimony." Precisely what view was taken of the "foregoing testimony" or whether all or a part was considered as legitimate does not appear. Nor perhaps is it necessary that it should. There is no material conflict of evidence, nor is there room for any serious doubt as to the facts. Whatever might be the result if we should find any uncertainty as to the facts, it is very clear if we find from competent testimony undisputed facts sufficient to authorize the order of the court, the exceptions must be overruled. Upon this point we apprehend there was no occasion to consider how far the defendant might have a defense to the note in consequence of any agreement with the plaintiff that its payment should depend upon any contingency whatever.

The true question to be considered is whether the plaintiff has any such title to, or interest in the note, as will enable him to maintain the action for his own benefit; for it seems that in prosecuting the action he is acting for himself and not in behalf of any other person.

It appears from the disclosure of the plaintiff that on the day of the date of the note he had in his hands the sum of two hundred dollars, which was the property of Wm. G. Andrews, and upon which he had a lien to secure him against the claim of one Hill. On that day, at the request of Andrews, he paid the money to the defendant and took for it the note in suit, which he was to hold as security for the same claim for which he held the money. The note, then, took the place of the money, and was holden by the plaintiff for the same purpose and subject to the same claim on the part of Andrews. Subsequently, but on the same day, the claim of Hill was settled by Andrews, and thereby the note, as well as the money represented by it, was released from any lien which the plaintiff had upon it and it became the sole property of Andrews. The plaintiff having paid over the money at Andrews'

request and as his agent could no longer be liable to him for it, but only for that which he received in its place. The defendant, knowing that he was receiving the money of Andrews and that the plaintiff was acting in the transaction as an agent, would be liable to Andrews on the note, though it was made payable to the agent. This would seem to leave no ground upon which the plaintiff can recover, without resting upon any disputed or uncertain evidence.

Nor does the plaintiff gain any further lien upon the note by virtue of the judgments, in the trustee suits, offered in evidence. He had paid over the money before the service of the writs upon him; and the possession of the note, it being but a *chose* in action, would furnish no ground for charging him as trustee. If, therefore, he was charged for the money or note, it must have been for the want of a disclosure in accordance with the facts.

The suggestion that the note was given to aid Andrews in the fraudulent concealment of his property from his creditors, cannot aid this plaintiff in sustaining his action. It may be that the defendant did knowingly render aid to Andrews for the purpose indicated, and that he may be liable under the statute to a creditor for so doing. But this case is not founded upon any such claim. Besides, if it is probable that the defendant is thus guilty, it is certain that the plaintiff is in no better condition. By his own admission it appears that when he paid over the money at the request of Andrews he was expressly notified of the illegal purpose of Andrews and clearly understood that the change was made to hinder, delay or defraud creditors; and knowing this, without any benefit to himself, he not only assented to, but was an actor in accomplishing the change. The inference would seem to be that the note was the result of a contract entered into for an illegal purpose, and that the judgment of the court might be sustained upon that ground. *Exceptions overruled.*

APPLETON, C. J., DICKERSON, BARROWS, VIRGIN and LIBBEY, JJ., concurred.